# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DAVID BELL, ) | |
| ) | Case No. 2:15-cv-03534-CWH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NUCOR CORPORATION, d/b/a Nucor ) | |
| Steel Berkeley, ANDRE PORCHE, ) | |
| CHRIS STOW, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Bristow Marchant recommending that the Court grant in part the Defendants' Rule 12(b) Partial Motion to Dismiss ("Motion to Dismiss") (ECF No. 9), leaving only the plaintiff's Title VII claims for retaliation and hostile work environment on the basis of gender against the defendant Nucor Corporation, d/b/a Nucor Steel Berkeley, ("Nucor"). For the reasons set forth in this Order, the Court adopts and incorporates the R&R (ECF No. 32) except that the only remaining claim is retaliation in violation of Title VII against Nucor.

## I. FACTUAL BACKGROUND

This action is brought by David Bell (the "plaintiff"), a white male who was employed by Nucor at its plant from October 8, 1996 to December 20, 2013 as a saw operator. (Compl. ¶¶ 20, 23, 28, ECF No. 1-1). In 2013, the plaintiff began to complain to his supervisor and management regarding issues related to workplace bullying, safety, air quality, and noise in the plant. (Compl. ¶¶ 29, 30-32). In April 2013, "an incident occurred", and the plaintiff was sent for a drug test, but "[a]nother employee was not sent for [a] drug test." (Compl. ¶ 37). In July 2013, the plaintiff researched the effects of "abrasive blades" on air quality and discussed his

Page 1 of 12

concerns about these effects with management. (Compl. ¶ 39). The plaintiff posted an article regarding abrasive blades' effects on air quality in his workspace, pointing it out to the maintenance supervisor, Ted Smith. (Compl. ¶ 40). In September 2013, the plaintiff "published an article regarding air particles" and sent this article to several individuals at the plant. (Compl. ¶ 41).

Also in September 2013, the plaintiff reported "inappropriate sexist remarks, constant statements regarding having sex, constant comments regarding trying to have sex with white women, and sexual harassment" by Andre Porche ("Porche")—his supervisor—yet Nucor failed and refused to address his complaint. (Compl. ¶¶ 43-44). The plaintiff also "reported a hostile work environment based on [Porche's] offensive and inappropriate commentary." (Compl. ¶ 45). After making these complaints, Porche gave the plaintiff two disciplinary actions: one for an administrative violation, and another for being disrespectful towards Porche. (Compl. ¶¶ 46-47). The plaintiff alleges that he did not commit these violations and that Porche "purposefully used the violations to terminate the [p]laintiff for his reporting actions." (Compl. ¶¶ 48-49). The plaintiff additionally alleges that "in order to perpetuate the termination of the [p]laintiff[,]" Chris Stow ("Stow")—the department manager—"further lied about the [p]laintiff and placed lies in [Nucor's] log." (Compl. ¶ 52).

On October 1, 2013, the plaintiff met with Stow to complain that he was disciplined more harshly than other employees. (Compl. ¶ 54). On the same date, the plaintiff complained to management regarding conditions of the bathrooms as well as health issues related to noise and air quality. (Compl. ¶ 53). Stow responded by stating that he made the rules and asking how the plaintiff "knew about abrasive blades and what was in them." (Compl. ¶ 54). On October 9, 2013, the plaintiff received an unfavorable evaluation—the least favorable in his 18-year



career—allegedly in retaliation for his various complaints "regarding Nucor's failures." (Compl. ¶ 55). In November 2013, the plaintiff requested to see air and noise readings for the plant; Nucor informed him that documents were available for his review but "refused to provide information on how to see [the documents]." (Compl. ¶ 59). In December 2013, the plaintiff "submitted a complaint regarding other individuals failing and refusing to work." (Compl. ¶ 60). On December 14, 2013, the plaintiff went to Mark Deflipio, a supervisor, "regarding the hostile work environment being created by Andrew Porche[,]" but Deflipio "failed and refused to handle the matter." (Compl. ¶ 61). The following day, the plaintiff made a safety complaint regarding cameras having poor visibility in the plant, yet Nucor did not address his safety concerns. (Compl. ¶ 62). On December 16, 2013, the plaintiff made another safety complaint regarding a cracked blade, an issue he had previously reported, but Nucor did not address the issue. (Compl. ¶ 63).

On December 20, 2013, the plaintiff was terminated from his employment. (Compl. ¶ 64). To effectuate his termination, the plaintiff alleges that: (1) Nucor failed to follow its own policies and procedures regarding employee termination; (2) Nucor changed its policies in order to terminate the plaintiff; (3) Stow and Porche made defamatory statements about the plaintiff that lead to his termination; and (4) Nucor treated the plaintiff differently than other similarly situated male African American employees. (Compl. ¶¶ 68-69, 71-73).

## II. PROCEDURAL HISTORY

On July 28, 2015, the plaintiff filed this action in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit, alleging causes of action for: (1) racial discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") against defendant Nucor; (2) retaliation in violation of Section 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to

2000e-17, ("Title VII") against defendant Nucor; (3) hostile work environment based on age and race in violation of Section 1981 and Title VII against all defendants; (4) slander and intentional interference with a contract against defendants Porche and Stow; and (5) wrongful termination in violation of public policy.[1] (Compl. ¶¶ 91-142). On September 3, 2015, the defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because of the various federal causes of action asserted by the plaintiff. (ECF No. 1). On September 10, 2015, the defendants filed the Motion to Dismiss. (ECF No. 9). After receiving an extension of time to respond, the plaintiff filed a Response to the Motion to Dismiss. (ECF No. 17). On October 23, 2015, the defendants filed their Reply thereto. (ECF No. 24).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the case was referred to the magistrate judge for pre-trial proceedings and an R&R. On April 18, 2016, United States Magistrate Judge Bristow Marchant issued an R&R, recommending that the Court grant the defendants' Motion to Dismiss in part, leaving only the plaintiff's Title VII claims for retaliation and hostile work environment on the basis of gender against defendant Nucor. (R&R 28, ECF No. 32). The R&R specifically advised the parties of the procedures for filing objections thereto and the consequences if they failed to do so. (R&R 29). On May 5, 2016, the plaintiff filed his objections to the R&R (ECF No. 33), and on May 23, 2016, the defendants filed their reply thereto. (ECF No. 34).

### III. STANDARD OF REVIEW

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint . . . considered with the assumption that the facts alleged are true[.]" <u>Francis v. Giacomelli</u>, 588 F.3d

---

[1] "Count Five" for wrongful termination in violation of public policy is alleged against "the Defendant"; however, the Complaint does not identify which defendant against whom Count Five is alleged. (<u>See</u> Compl. ¶¶ 137-142).



Page 4 of 12

186, 192 (4th Cir. 2009) (citations omitted). The Court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. Id. Rule 8 requires that a claim for relief contain a statement of the grounds for the Court's jurisdiction, a statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). To survive a Rule 12(b)(6) motion to dismiss, a complaint need not assert "detailed factual allegations[;]" however, it must contain "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Two working criteria guide the plausibility standard articulated in Twombly. Iqbal, 556 U.S. at 678. First, although the Court must accept all facts alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Although legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. Id. at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. Twombly, 550 U.S. at 555, 557.

Second, to the extent that there are well-pleaded factual allegations, the Court should assume their truth and "then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. This determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id. (citation omitted). Rule 12(b)(6) does not allow dismissals based on the Court's disbelief of a complaint's factual allegations. Twombly, 550 U.S. at 556 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

## IV. DISCUSSION

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to the Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 270-71. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, in the absence of a timely filed, specific objection, the Court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. See United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

### A.     The Plaintiff's Waived and Withdrawn Claims

Preliminarily, the plaintiff does not object to the recommended dismissal of several causes of action. First, he does not object to dismissal of his claim for intentional interference with a contract. (Pl.'s Objs. 10, ECF No. 33). Second, the plaintiff does not object to dismissal of his retaliation claim under Title VII for making complaints of racial discrimination. (Pl.'s Objs. 12). Third, the plaintiff does not object to dismissal of his claim for hostile work



environment based on race. (Pl.'s Objs. 12). Because the Court is satisfied that there is no clear error in the R&R's recommended dismissal of these claims, the Court grants the defendants' Motion to Dismiss with respect to the plaintiff's claims for intentional interference with a contract, retaliation under Title VII for reporting racial discrimination, and hostile work environment based on race.

**B.     The Plaintiff's Objections**

The plaintiff "objects to the dismissal of [his] claims" on the grounds that "the [p]laintiff's complaint . . . clearly set forth facts sufficient under the Rules of Civil Procedure . . . necessary to survive a motion to dismiss pursuant to 12(b)(6) and Rule 8." (Pl.'s Objs. 1-2). Broadly, the plaintiff "objects to the recommendation that [his] wrongful termination in violation of public policy, defamation, Section 1981 claims, [and] Title VII claims" be dismissed. (Pl.'s Objs. 5).

*1.     Wrongful Termination in Violation of Public Policy*

For the claim of wrongful termination in violation of public policy, the plaintiff objects to the R&R's conclusion that the Court should dismiss this claim on the grounds that the plaintiff never reported criminal activity. (Pl.'s Objs 5). The plaintiff states that South Carolina case law does not require reporting criminal activity to sustain the public policy element of this cause of action, contending that paragraphs 1-15 and 57-64 of the Complaint containing "information provided to [Nucor] by the [p]laintiff that violated the law and . . . policies and procedures of the [d]efendant" are sufficient to show that the defendant violated public policy. (Pl.'s Objs 10). The plaintiff argues that "under the current case law[,] the [p]laintiff was not required to submit a criminal complaint[,]" stating—without a providing a citation—that under "Novak," the Court "has not limited public policy termination to only criminal law violations." (Pl.'s Objs. 6-7).



Novak is an unpublished opinion from the South Carolina Court of Appeals, which held in pertinent part that a South Carolina circuit court correctly dismissed a plaintiff's complaint for failure to state a claim because the complaint "failed to enunciate any clear mandate of public policy violated by [the plaintiff's] termination." Novak v. Joye, Locklair & Powers, P.C., No. 2010-UP-225, 2010 WL 10079883, at *2 (S.C. Ct. App. Apr. 1, 2010). While affirming the circuit court, the appellate court in Novak also modified the circuit court's decision to restrict "its analysis of the public policy element to whether [the plaintiff's] termination violated criminal law or whether the [employer-defendant] asked [the plaintiff] to violate the criminal law," eliminating the circuit court's statement that the South Carolina Supreme Court limited the public policy exception to terminations involving violations of criminal law in Lawson v. S.C. Dep't of Corr., 532 S.E.2d 259, 260-61 (S.C. 2000), because there was no indication that the South Carolina Supreme Court "intended its opinion in Lawson to overrule or limit its opinion in [Garner v. Morrison Knudsen Corp., 456 S.E.2d 907, 909 (S.C. 1995)]." Id.

As the defendants point out in their Reply to the plaintiff's objections, Novak actually supports dismissal of the plaintiff's claim because Novak held that although a claim for wrongful termination in violation of public policy is not limited to terminations involving violations of criminal law, a complaint must nevertheless allege what "clear mandate of public policy [was] violated by [the plaintiff-employee's] termination."[2] Id. In the present case, the Court agrees with the R&R's assessment that the plaintiff fails "to identify any public policy violation[.]" (See R&R 5). Accordingly, the Court grants the Motion to Dismiss with respect to the claim for wrongful termination in violation of public policy.

---

[2] In the objections, counsel for the plaintiff—who was also counsel for the plaintiff in Novak— provides a block quote of the appellate court's entire analysis in Novak but omits this dispositive final sentence. (See Pl.'s Objs. 6-7).



### 2. *Slander*

The plaintiff objects to dismissal of his slander claim because "Porche and Stow made several false statements regarding the [p]laintiff's performance[,]" which "were made to [Nucor] by placing those statements in [Nucor's] log book." (Pl.'s Objs 10-11). Although the plaintiff concedes that he failed to allege "who[m] the false statements were made to[,]" he contends that "it is clear from the language of the Complaint that the statements were made to [Nucor] because those are the statements that the [p]laintiff's termination was based on." (Pl.'s Objs. 11). In support of this contention, the plaintiff merely rehashes the allegations in the Complaint. (See Pl.'s Objs. 11-12). In lieu of substantively challenging the magistrate judge's assessment that the plaintiff failed to adequately plead slander, he simply objects to dismissal. The plaintiff fails to give any specificity to his objection.

"A party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). In addition, de novo review is unnecessary when a party makes general and conclusory objections without directing the Court's attention to a specific error in the magistrate judge's proposed findings. Id. (citation omitted). Because general objections to a magistrate judge's R&R do not direct a court to any specific portion of the report, they are "tantamount to a failure to object." Miles v. Richland Mem'l



Hosp., No. 96-2235, 1997 WL 107738, at *1 (4th Cir. Mar. 12, 1997) (per curiam) (citations omitted).[3]

In the present case, the Court agrees with the R&R's assessment that the plaintiff makes "general and conclusory allegations that Porche and Stow slandered him, without actually stating what the allegedly defamatory statements were or to whom those statements were made, are not sufficient to state a claim for slander[.]" (R&R 14-15). Accordingly, the Court grants the defendant's Motion to Dismiss with respect to the slander claim.

### 3.  *Section 1981 Claims*

The plaintiff also objects to dismissal of his Section 1981 claims for discrimination based on race, retaliation based on race, and hostile work environment based on race. (Pl.'s Objs. 13). In support of his objections, the plaintiff states that: (1) Nucor "intended to discriminate against the [p]laintiff based on his race[;]" (2) "Nucor treated the [p]laintiff's African American supervisor more favorably for worse acts that violated [Nucor's] policies and procedures[;]" (3) "[i]t is clear from the work environment and facts set forth that Porche and [Nucor] subjected the [p]laintiff to a hostile work environment based on his race[;]" (4) "Porche treated the [p]laintiff poorly and hostilely based on his race—Caucasian[;]" (5) "[i]f one only looks to the elements of the law it is clear that the [p]laintiff has presented facts to establish that he was discriminated, retaliated against and subjected to a hostile work environment in violation of [Section] 1981[;]" (6) "the [p]laintiff complained to the [d]efendant on <u>numerous</u> occasions about <u>numerous</u> issues including race discrimination[,] and the [d]efendant failed and refused to handle the issues at the

---

[3] The Court recognizes that unpublished opinions are not of precedential value. See Fourth Circuit Court of Appeals Local Rule 36(b); see also Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (unpublished decisions have no precedential value and are only entitled to the weight generated by the persuasiveness of their reasoning).



plant which further subjected the [p]laintiff to a hostile work environment and ultimately his termination." (Pl.'s Objs. 13-14 (emphasis in original)).

Again, the plaintiff fails to make specific objections to the R&R's assessment of these claims, merely rehashing the Complaint and making general and conclusory objections. Because the Court finds no clear error in the R&R's assessment of the plaintiff's Section 1981 claims, the Court grants the defendants' Motion to Dismiss with respect to these claims.

C.  **The R&R's Recommendations**

The R&R states that "[i]f these recommendations are adopted by the Court, the only claims remaining in this lawsuit will be [the] [p]laintiff's claims against the [d]efendant Nucor for retaliation and hostile work environment on the basis of gender pursuant to Title VII." (R&R 28). However, the Complaint does not make a claim for hostile work environment based on gender; instead, "Count III" of the Complaint alleges "hostile work environment based on age and race in violation of [the Age Discrimination Employment Act], Title VII and 42 U.S.C. 1981[,]" making no allegations of a hostile work environment based on the plaintiff's gender. (See Compl. 14-15). Likewise, the "factual background" of the Complaint contains no allegations that the plaintiff was subjected to a hostile work environment based on his gender." (See Compl. ¶¶ 20-90).

Because the Complaint does not present a cause of action for hostile work environment based on gender, nor allege any factual allegations to support such a claim, the Court declines to adopt the R&R's recommendation that a claim for hostile work environment based on gender exists beyond this Order. Therefore, the only remaining claim is retaliation in violation of Title VII against Nucor for reporting sexual harassment in his workplace.



## V. CONCLUSION

After reviewing the record in this case, the applicable law, the magistrate judge's R&R under a "clear error" lens, and the specific objections thereto under a de novo lens, the Court adopts and incorporates the R&R (ECF No. 32) by reference in this Order, except that the plaintiff's claim for hostile work environment is dismissed in its entirety. The Court grants the defendant's Motion to Dismiss in part and denies it in part with respect to the plaintiff's claim for retaliation. (ECF No. 9). The plaintiff's cause of action for retaliation in violation of Title VII against Nucor is the only remaining claim. Because no further claims remain against the other defendants, Porche and Stow, they are hereby dismissed from this action.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

August 19, 2016
Charleston, South Carolina